[736 NYS2d 239]

In the Matter of JUAN A. TORRES (Admitted as JUAN ANTONIO TORRES), an Attorney, Resignor.

Second Department, December 31, 2001

APPEARANCES OF COUNSEL

*Richard Toscano,* Sunny Isles Beach, Florida, for resignor.

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

OPINION OF THE COURT

Per Curiam.

Juan A. Torres has submitted affidavits, dated September 1, 2001, and October 16, 2001, respectively, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Torres was admitted to the Bar on April 27, 1994, at a term of the Appellate Division of the Supreme

Court in the Second Judicial Department, under the name Juan Antonio Torres.

Mr. Torres is aware that he is the subject of a criminal prosecution being conducted by the office of the District Attorney, Queens County. He admits that on or about February 24, 2000, while a per diem attorney for the law firm of Roman and Singh in Jackson Heights, Queens, he knowingly stole money from the firm by altering the amount of checks paid to him.

Mr. Torres acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Mr. Torres avers that he could not successfully defend himself on the merits against any disciplinary charges which might be brought against him based upon the aforesaid acts.

Mr. Torres's resignation is submitted subject to any application which could be made for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order.

Mr. Torres specifically waived the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition to an order of this Court directing him to make restitution.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, Mr. Torres is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and FLORIO, JJ., concur.

Ordered that the resignation of Juan A. Torres is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Juan A. Torres is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Juan A. Torres shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Juan A. Torres is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an at-

torney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.